IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

MOHAMMAD MAHMOUD ABEDALHAMEED ALSHWAYAT,

Petitioner,

v.

Warden, Midwest Regional Reception Center;
MARKWAYNE MULLIN, DHS Secretary;
TODD BLANCHE, Attorney General;
DAVID J. VENTURELLA, Acting Director, ICE; and
SAMUEL OLSON, Director, ICE Field Office,

Respondents.

Case No. 26-3276-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of Jordan. Petitioner entered the United States in August 2024 and was detained; removal proceedings were subsequently initiated against him; and he was released on parole in November 2024. On July 6, 2026, petitioner was again detained by immigration officials, and his parole was revoked. Petitioner is presently confined within this judicial district. On July 31, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims in the petition that his detention without an individualized bond determination violates due process and the applicable statutes and regulations.[1] On August 12, 2026, however, the Government provided petitioner notice of its custody determination under 8 U.S.C. § 1226 (which provides for discretionary release on bond), and petitioner indicated that he requested a review of that determination by the immigration court. Then, on August 27, 2026, petitioner did receive a bond hearing on the merits before an immigration judge (IJ) pursuant to Section 1226(a), at which the IJ denied bond based on findings that petitioner presented a danger to the public and presented a flight risk. Therefore, because petitioner has now received an individualized determination concerning his custody in the form of a bond hearing, petitioner's claims are effectively moot.

Petitioner argues in his traverse that his due process claim should not be deemed moot because the bond hearing he received did not provide sufficient process to support

[1] Petitioner also asserts in a separate claim in the petition that his arrest violated the Fourth Amendment; but as the Government notes in its answer, an illegal arrest does not affect the lawfulness of removal proceedings, *see I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984), and in his traverse petitioner has abandoned the claim as a separate basis for relief.

his re-detention after his prior release on parole.[2] The Court has recently ruled that due process does not require a hearing prior to re-detention of a previously-released alien, however. *See Singh v. Mackey*, 2026 WL 2823307 (D. Kan. Sept. 21, 2026) (Lungstrum, J.). Petitioner concedes that the hearing need not occur *prior to* the re-detention, but he argues that the hearing should take place promptly. In *Singh*, the Court effectively concluded that the usual process afforded under Section 1226(a), by which an alien may seek a bond hearing (at which he may submit evidence and be represented by counsel) and may then appeal from an adverse ruling is sufficient to satisfy due process. *See id.* The Court concludes in this case that petitioner has not shown that his individualized determinations were unreasonably delayed to the point that a violation of due process occurred. The Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 22nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[2] Petitioner concedes that his June 2026 arrest presents a change in circumstances that could justify revocation of his parole, but he argues nonetheless that he was entitled to a more expeditious individualized determination concerning the need for his detention.